IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBYN COX, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  Case No. 22-cv-349-DES |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Robyn Cox ("Claimant") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act (the "Act"). For the reasons explained below, the Court REVERSES and REMANDS the Commissioner's decision denying benefits.

**I.  Statutory Framework and Standard of Review**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be deemed disabled under the Act, a claimant's impairment(s) must be "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

---

[1] Effective December 20, 2023, Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). No further action is necessary to continue this suit by reason of 42 U.S.C. § 405(g).

Social security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). This process requires the Commissioner to consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a medically determinable severe impairment(s); (3) whether such impairment meets or medically equals a listed impairment set forth in 20 C.F.R. pt. 404, subpt. P., app. 1; (4) whether the claimant can perform her past relevant work considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can perform other work considering the RFC and certain vocational factors. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). If it is determined, at any step of the process, that the claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).

A district court's review of the Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of judicial review under § 405(g) is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's factual findings are supported by substantial evidence. *See Noreja v. Soc. Sec. Comm'r,* 952 F.3d 1172, 1177 (10th Cir. 2020). Substantial evidence is more than a scintilla but means only "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). In conducting its review, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Noreja,* 952 F.3d at 1178 (quotation omitted). Rather, the Court must "meticulously examine the record as a whole, including anything that

may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted).

**II.     Claimant's Background and Procedural History**

In October 2020, Claimant applied for disability insurance benefits under Title II of the Act, and she applied for supplemental security income benefits under Title XVI of the Act in September 2020. (R. 12, 311-24). Claimant alleges she has been unable to work since an amended onset date of November 5, 2019, due to depression, anxiety, back problems, shoulder cysts, elbow cysts, knee problems, arthritis, narcolepsy, and neck and back pain. (R. 12, 338). Claimant was 46 years old on the date of the ALJ's decision. (R. 26, 311, 318). She has a high school education and past work as a certified nursing assistant. (R. 56, 340).

Claimant's claims for benefits were denied initially and on reconsideration, and she requested a hearing. (R. 121-205, 239-40). ALJ Darren Hamner conducted an administrative hearing and issued a decision on May 3, 2022, finding Claimant not disabled. (R. 12-26, 32-63). The Appeals Council denied review on October 4, 2022 (R. 1-6), rendering the Commissioner's decision final. 20 C.F.R. §§ 404.981, 416.1481. Claimant filed this appeal on December 5, 2022. (Docket No. 2).

**III.    The ALJ's Decision**

In his decision, the ALJ found Claimant met the insured requirements for Title II purposes through September 30, 2021. (R. 15). The ALJ then found at step one that Claimant had not engaged in substantial gainful activity since the amended alleged onset date of November 5, 2019. (*Id.*). At step two, the ALJ found Claimant had severe impairments of chronic low back pain with sciatica and transitional vertebra, neuropathy, edema of lower extremities with multiple open skin lesions, mild degenerative changes of the AC joint of right

shoulder, and morbid obesity. (*Id.*). At step three, the ALJ found Claimant's impairments did not meet or equal a listed impairment. (R. 17-18).

Before proceeding to step four, the ALJ determined Claimant had the RFC to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with the following non-exertional limitations:

> [S]he can only stand and/or walk four hours in an 8-hour workday with no climbing of ladders, ropes, or scaffolds, and only occasional climbing of ramps and stairs, balancing, bending, stooping, kneeling, crouching, and crawling. No working around hazards. She will need to alternate sitting and standing every hour for a few minutes at a time.

(R. 18). The ALJ provided a summary of the evidence that went into this finding. (R. 18-24).

At step four, the ALJ concluded that Claimant could not return to her past relevant work. (R. 24). Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five that Claimant could perform other work existing in significant numbers in the national economy, including cashier II, order clerk (food and beverage), bonder semiconductor, and call out operator. (R. 25). Accordingly, the ALJ concluded Claimant was not disabled. (R. 26).

## IV.   Issues Presented

Claimant contends the ALJ erred by failing to properly evaluate the medical source opinion of advanced practice registered nurse Lena Burns related to her physical limitations. (Docket No. 11 at 4-14). The Court agrees and therefore reverses and remands for further proceedings.

## V.   Analysis

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. A "medical opinion" is a statement from a medical source about what a claimant "can still do despite [her] impairment(s) and whether [he has] one or more

impairment-related limitations or restrictions" in four work-related abilities. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). These abilities include the "ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching)[.]" 20 C.F.R. §§ 404.1513(a)(2)(i) 416.913(a)(2)(i). If the record contains a medical opinion, the ALJ must consider and address it in the RFC assessment, and, if the RFC conflicts with the opinion, the ALJ "must explain why the opinion was not adopted." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ does not "defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the "persuasiveness" of medical opinions by considering five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (including length, purpose, and extent of treatment relationship, frequency of examinations, and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict the opinion or finding. 20 C.F.R. §§ 404.1520c(a), (c); 416.920c(a), (c). Supportability and consistency are the most important factors, and the ALJ must always explain how he considered those factors in the decision.[2] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ is not required to articulate findings on the remaining factors unless there are two or more medical opinions about the same issue that are equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(2), (3); 416.920c(b)(2), (3).

Ms. Burns regularly treated Claimant for low back pain between December 2018 and August 2021. (R. 556-658). On February 22, 2021, Ms. Burns completed a form titled "Medical

---

[2] Supportability refers to the relevancy of "the objective medical evidence and supporting explanations presented by a medical source" to support his medical opinion. 20 C.F.R. § 416.920c(c)(1). Consistency refers to the consistency of a medical source opinion "with the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. § 416.920c(c)(2).

Source Statement of Ability to do Work-Related Activities (Physical), wherein she opined, *inter alia*, that Claimant could frequently lift up to 10 pounds, occasionally lift 11-20 pounds, and could never lift anything above 20 pounds. (R. 546). Ms. Burns indicated that Claimant could occasionally carry up to 20 pounds but could never carry anything above 20 pounds. (*Id.*). Ms. Burns further indicated Claimant could stand/walk for one hour at a time without interruption for a total of three hours in an eight-hour workday, could sit for a total of four hours in an eight-hour workday, and needed to change positions between sitting and standing. (R. 547). As support for these opinions, Ms. Burns stated, that Claimant had osteoarthritis in her knees and hips, and degenerative disc disease in her spine, noting Claimant had "imaging to support her documented limits." (*Id.*). Ms. Burns further indicated Claimant could occasionally climb stairs and ramps and balance, and could never climb ladders and scaffolds, stoop, kneel, crouch, or crawl. (R. 549). As to Claimant's use of her feet, Ms. Burns indicated she could occasionally operate foot controls, noting Claimant's low back pain and knee pain symptoms were aggravated with movement. (R. 548).

In his written opinion, the ALJ thoroughly recounted Ms. Burns' opinions regarding Claimant's physical limitations and concluded they were "less persuasive."[3] (R. 22-23). In discussing the consistency and supportability of Ms. Burns' opinions, the ALJ found: (i) her statements that Claimant had osteoarthritis of the knees and hips and had degenerative disc disease of the spine were not supported by radiographic evidence, noting the only lumbar radiology report in the record showed a "transitional vertebra – lumbarization of S1" but was otherwise unremarkable; (ii) her statement that Claimant frequently fell with prolonged standing

---

[3] Ms. Burns also completed a form titled "Medical Source Statement of Ability to do Work-Related Activities (Mental), which the ALJ found "persuasive." (R. 23). Claimant does not contest the ALJ's evaluation of this opinion.

was inconsistent with the treatment notes of record, none of which indicated Claimant fell; and (iii) her environmental limitations were inconsistent with the record as a whole and Claimant's failure to allege any pulmonary issues.  (R. 23).

Claimant asserts the reasons the ALJ provided for finding Ms. Burns' opinions "less persuasive" are themselves not supported by substantial evidence, and the Court agrees in one very important aspect of the ALJ's analysis.  In determining Ms. Burns' statement that Claimant had degenerative disc disease of the spine was not supported by radiographic evidence, Claimant asserts the ALJ ignored: (i) a July 2018 lumbar spine x-ray showing multilevel degenerative changes and moderate facet arthrosis at L4-L5; (ii) an August 2018 lumbar spine MRI showing areas of mild multilevel disc disease, very mild facet hypertrophy, mild neural foraminal stenosis, and no significant spinal canal stenosis; and (iii) a February 2020 thoracic spine x-ray showing mild levoconvex curvature and mild multilevel endplate spondylotic spurring.  (ECF No.11 at 8-11).  The Court agrees.  The ALJ does not mention or discuss any of this objective evidence in his decision.  Such imaging is significantly probative and directly relevant to the supportability of Ms. Burns' opinion that Claimant could perform light work with numerous postural and other non-exertional limitations that were more restrictive than the ALJ included in the RFC.  It was error for the ALJ to rely solely on evidence supporting his conclusion that Claimant could perform light work with fewer non-exertional limitations, while ignoring evidence contrary to his conclusion. *See Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) (explaining that the record must demonstrate the ALJ considered all the evidence and the ALJ must discuss "the evidence supporting his decision . . . the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."); *see also Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004) ("It is improper for the ALJ to pick

and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").

## VI. Conclusion

For the foregoing reasons, the Commissioner's decision finding Claimant not disabled is REVERSED and REMANDED for proceedings consistent with this Opinion and Order.

SO ORDERED this 22nd day of February, 2024.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE